**Alex Barnett**, OSB No. 136467
County Counsel
alex_barnett@washingtoncountyor.gov
**David C. Lewis**, OSB No. 953348
Senior Assistant County Counsel
dave_lewis@washingtoncountyor.gov
Office of Washington County Counsel
155 N First Avenue, Suite 250, MS 24
Hillsboro, OR 97124
Phone (503) 846-8747 | Fax (503) 846-8636
Of Attorneys for Washington County Respondents

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Petitioner,<br><br>v.<br><br>MULTNOMAH COUNTY DEPARTMENT OF COMMUNITY JUSTICE, et al.<br><br>Respondents. | Case No. 3:25-cv-01784-MC<br><br>**WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS** |

Respondents Nathan Gaoiran, Director, Washington County Community Corrections Probation and Parole and Washington County Community Corrections Probation and Parole (hereinafter collectively "Washington County") respectfully provides the following response to Petitioner United States of America's Petition to Enforce Administrative Subpoena served on Respondent Washington County.

/ / /

/ / /

**INTRODUCTION**

This is a case in which the U.S. Department of Homeland Security, Homeland Security Investigations (hereinafter "HSI"), served an "Immigration Enforcement Subpoena" on the Washington County Community Corrections Probation and Parole Department care of the Washington County Counsel, seeking documents and information related to a convicted person currently under post-prison supervision by Washington County. Washington County declined to produce the requested documents pursuant to Oregon law, O.R.S. 181A.820 to 826. The United States has now filed a Petition to Enforce Administrative Subpoena. Washington County does not contest that the United States is following the statutory procedure to seek enforcement of its administrative subpoena through a judicial order as contemplated by both federal and state law, and that Washington County would be required to produce records pursuant to a judicial order. Accordingly, issuance or non-issuance of a judicial order resolves this issue.

However, Washington County does object to the overbreadth of the administrative subpoena to the extent it seeks to compel Washington County to provide information or documents not in its possession, custody or control, to the extent the United States already possesses the relevant information, and to the extent the United States seeks to apply a judicial order obtained in this instance to past or future administrative subpoenas seeking similar information related to other persons.

**RESPONSE**

A.     **Factual Background**.

On July 31, 2025, HSI served a "Department of Homeland Security, Immigration Enforcement Subpoena" on Washington County seeking records for a named person labeled

/ / /

Page 2 – **WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

"Criminal Alien 3" by the U.S. in its Petition.[1] The Subpoena sought records related to "Criminal Alien 3" who had been convicted in Clackamas County in 2011 of Kidnapping in the First Degree, Burglary in the First Degree, Robbery in the Second Degree and Assault in the Fourth Degree. (Declaration of Todd Rignel in Support of Petition, ¶ 7a, ECF No. 3.) "Criminal Alien 3" was sentenced to over 150 months in prison and post-prison supervision. (*Id.*) In 2025, the Oregon Department of Corrections (hereinafter "ODOC") released him at completion of his prison sentence, and he is currently under the post-prison supervision of Washington County. (*Id.*) He had been previously held in the Clackamas County Jail and in the Oregon Department of Corrections. (*See Id.*) He is "a native and citizen of Honduras" and his convictions were aggravated felonies which the U.S. asserts render him subject to deportation under 8 U.S.C. § 1227(a)(2)(A)(iii). (*Id.*)

The Administrative Subpoena sought the following related to "Criminal Alien 3:"

1.  Documents sufficient to show the following:
a.  Home Address(es) during the period of supervision,
b.  Phone Number(s) during the period of supervision,
c.  Driver's License Number and State,
d.  Name of employer(s) during the period of supervision,
e.  Employment Address(es) during the period of supervision,
f.  Country of Birth, Place of Birth, Date of Birth
g.  Emergency Contact Number,
h.  Bail or bond records to include the obligor name and address

2.  Documents sufficient to show the underlying criminal charge relating to [Criminal Alien 3]'s supervision, including but not limited to unredacted police reports, booking sheets, booking photos, probable cause statements, jail disciplinary records, or release agreements or release documents.

(*Id.* ¶¶ 17-18; Exhibit 1 to Rignel Dec. at p.15.)

---

[1] HSI served Washington County with three subpoenas seeking records related to three separate individuals. They are only seeking to enforce one of those subpoenas.

Page 3 – **WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

On August 13, 2025, Washington County objected to the Administrative Subpoena on the grounds that "[p]ursuant to ORS 181A.820 to .826, the County is required by Oregon law to decline the requests and can only produce responsive information on receipt of a judicially issued subpoena." (*Id.* ¶ 26; Exhibit 3 to Rignel Dec. at p.2.)

On October 1, 2025, the United States filed this Petition to Enforce Administrative Subpoena with the U.S. District Court for the District of Oregon. (ECF No. 1.)

B.  **Legal Analysis**.

    1.  **Washington County Concedes that the U.S. Has Properly Invoked the Correct Judicial Process to Compel Production**.

Under the Immigration and Nationality Act, 8 U.S.C. § 1225(d)(4)(A), an immigration officer has the authority to issue an administrative subpoena for records related "to the privilege of any person to enter, reenter, reside in or pass through the United States or concerning any matter that is material and relevant to the enforcement of this chapter . . . and to that end may invoke the aid of any court of the United States." In the event of non-compliance with an administrative subpoena, 8 U.S.C. § 1225(d)(4)(B) then provides the legal mechanism by which a court can issue an order requiring compliance with an administrative subpoena issued by an immigration officer.

Correspondingly, Oregon law prohibits Washington County from complying with an administrative subpoena issued by a federal immigration authority for the purposes of civil immigration enforcement. O.R.S. 181A.823(1)(c), (2); 181A.826(1), (2)(b)(A), (3)(a). However, Oregon law authorizes Washington County to provide the information sought pursuant to a court order, judicial warrant, judicial subpoena or another compulsory court-issued legal process. O.R.S. 180.805(4)(a)(B), (C); 181A.823(1)(c)(A); 181A.826(2)(b)(A), (3)(a).

/ / /

Therefore, Washington County concedes that the U.S. is following the procedure contemplated in both federal and state law to judicially enforce the administrative subpoena in this instance. If ordered by this court, Washington County is required by both federal and state law to comply.

2. **Washington County Objects to the Overbreadth of Some of the Documents Sought.**

Washington County also accepts that *United States v. Morton Salt Co.*, 338 U.S. 632 (1950) provides the applicable legal standard for judicial enforcement of the administrative subpoena. In the context of judicially enforcing an administrative subpoena, the Supreme Court held that a federal agency's investigation is lawful if "the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant." *Id*. at 652. The scope of the court's inquiry into a federal agency subpoena is narrow. *NLRB v. North Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996); *see also EEOC v. Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d 1426, 1428 (9th Cir. 1983) (*en banc*), *abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991), *as recognized by Prudential Ins. Co. v. Lai*, 42 F.3d 1299, 1303 (9th Cir.1994)). Generally, the court must ask "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d at 1428. The federal agency must also show that the information sought is not already within its possession. *United States v. Powell*, 379 U.S. 48, 57-58 (1964). "If the agency establishes these factors, the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome." *Children's Hosp. Med. Ctr. of N. Cal.*, 719 F.2d at 1428.

/ / /

Page 5 – **WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

Washington County takes no position on the *Morton Salt* factors. However, Washington County does object that the subpoena is unreasonable because it is overbroad with respect to some of the documents sought. The U.S. represents that the HSI subpoenas meet the *Morton Salt* "reasonable relevance" standard because

> the subpoenaed information will aid HSI in identifying the criminal aliens, confirming their alienage, determining ways the criminal aliens could be contacted or located, and ascertaining their recent criminal activity and history. Additionally, this information will aid in determining whether the criminal aliens are removable, potentially securing their apprehension, and evaluating their dangerousness to ensure the safety of the public and law enforcement officers who may seek to apprehend them.

(U.S. Pet. ¶ 59.)

However, as to "Criminal Alien 3," the only subpoena at issue served on Washington County, much of that argument and corresponding document requests are overbroad because the U.S. asserts that "Criminal Alien 3's" criminal convictions already render him deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). (Rignel Dec. ¶ 7a.) Thus, information that seeks "recent criminal activity and history" or that "will aid in determining whether [Criminal Alien 3] is removable" is overbroad as applied. The U.S. already possesses the conviction information. *See Powell*, 379 U.S. at 57-58 (holding the agency must show the information is not already within its possession).

Similarly, the U.S. already possesses information related to "Criminal Alien 3's" "country of birth" and "place of birth." (Rignel Dec. ¶ 7(a).) And they also already possess biometric data sufficient to identify "Criminal Alien 3" when they locate him. The Federal Bureau of Investigations, Criminal Justice Information Services Division, maintains the Integrated Automated Fingerprint Identification System (IAFIS) [now known as Next Generation Identification], a database of palm and fingerprints and mugshots, allowing verification of

identity, submissions of arrest information, and access to fingerprint-based criminal histories. *Testimony of Michael Kirkpatrick, Assistant Director in Charge, Criminal Justice Information Services Division, Federal Bureau of Investigation before the House Judiciary Committee*, 108th Cong., 2nd Sess. (March 30, 2004) (https://archives.fbi.gov/archives/news/testimony/fbi-fingerprint-program.)  HSI Assistant Special Agent in Charge Todd Rignel does not assert that the U.S. lacks biometric information on "Criminal Alien 3."  (*See* Rignel Dec.)

Moreover, much of that information sought is overbroad because it appears to require Washington County to obtain records not within its possession, custody or control, or to access restricted law enforcement databases maintained by other public entities such as the State of Oregon or Clackamas County.  As set forth in the Declaration of HSI Assistant Special Agent in Charge Todd Rignel, "Criminal Alien 3's" crimes occurred in Clackamas County where he was convicted, and then sentenced to the custody of the ODOC from 2011 to 2025.  (Rignel Dec. ¶ 7a.)

"Criminal Alien 3" was not under the supervision or control of Washington County until this year.  (*Id.*)  Accordingly, Washington County does not possess police reports, booking sheets, booking photos, probable cause statements, jail disciplinary records, jail release agreements or bail records. (*See* Ex. 1 to Rignel Dec. at p.15.)  Washington County also does not possess employment records or driving records.  The subpoena is unreasonable to the extent it seeks to require Washington County to obtain records from third-parties or from restricted databases maintained by third-party public bodies, particularly Clackamas County or the Oregon Department of Corrections.

/ / /

/ / /

Page 7 – **WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

### 3. **Washington County Further Objects to the Extent the U.S. Seeks to Extend An Order to Compel Here to Any Other Administrative Subpoena, Past, Present or Future.**

The U.S.' petition is expressly limited to the "at-issue subpoenas." (U.S. Pet. ¶¶ 11, 41, 44, 46.) The only "at-issue subpoena" served on Washington County is the subpoena specific to "Criminal Alien 3." (U.S. Pet. ¶¶ 14, 29, 41, Rignel Dec. ¶ 7a.) Therefore, Washington County objects to any precedential application of an order compelling production of records related to the "at-issue subpoena" for "Criminal Alien 3" here to other past, present or future subpoenas. The context, specifics, and legal analysis of any other subpoena is simply not before this court and any other subpoena will need to be evaluated on its own terms and merits.

Moreover, the application of any order related to this specific "at-issue subpoena" to future subpoenas may implicate the Tenth Amendment, Anti-Commandeering Doctrine. *See United States Immigr. & Customs Enf't v. Gomez*, 445 F. Supp. 3d 1213, 1217 (D. Colo. 2020) (stating that a review of a discrete request for information does not implicate the Tenth Amendment, but that a "mandatory, ongoing disclosure program" or "subpoenas [that] become a regular occurrence" may implicate it, but that was a question for another day.)

### CONCLUSION

For the reasons set forth above, Washington County Respondents respectfully request the Court limit the HSI Administrative Subpoena to information already in the possession, custody or control of Washington County and not already in the possession of the United States.

/ / /

/ / /

/ / /

/ / /

Page 8 – **WASHINGTON COUNTY RESPONDENTS' RESPONSE TO USA'S PETITION TO ENFORCE ADMINISTRATIVE SUBPOENAS**

Washington County Respondents further request that any order issued on the specific subpoena at issue not be given preclusive effect to any other subpoenas, past, present or future.

DATED: October 22, 2025.

        OFFICE OF WASHINGTON COUNTY COUNSEL

        _s/David C. Lewis_
        David C. Lewis, OSB No. 953348
        Senior Assistant County Counsel
        dave_lewis@washingtoncountyor.gov
        Alex Barnett, OSB No. 136467
        County Counsel
        alex_barnett@washingtoncountyor.gov
        Of Attorneys for Washington County Respondents