STEVE ELZINGA, OSB #123102
Marion County Legal Counsel
selzinga@co.marion.or.us
555 Court Street N.E., Suite 5242
P.O. Box 14500
Salem, OR 97309
Telephone: (503) 588-5220
Attorney for Marion County Defendants

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Peitioner, <br><br> v. <br><br> **MULTNOMAH COUNTY DEPARTMENT OF COMMUNITY JUSTICE**; **DENISE PEÑA**, Director, Multnomah County Department of Community Justice; **CLACKAMAS COUNTY SHERIFF ANGELA BRANDENBURG**; **CLACKAMAS COUNTY SHERIFF'S OFFICE PAROLE & PROBATION DIVISION**; **SHERIFF NICHOLAS HUNTER**, Marion County Sheriff's Office Community Corrections Division; **MARION COUNTY SHERIFF'S OFFICE, COMMUNITY CORRECTIONS DIVISION**; **NATHAN GAOIRAN,** Director, Washington County Community Corrections Probation and Parole; **WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE**, <br><br> Respondents. | Case No. 3:25-cv-01784-JR <br><br> **MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On October 17, 2025, the Court issued a scheduling order (ECF 13) directing supplemental briefing on several questions, which will each be addressed in turn:

> *Marion County should: (1) establish that the specific information provided to various news media outlets qualifies as public records under state law; (2) if so, specify how the determination was made that it indeed qualifies; and, relatedly, (3) identify the procedures in place for making such a determination. The Court understands there may be an exception under state law for providing responsive information to administrative subpoenas and it requests that Marion County show that the records at issue here fall under that exception.*

**I.  Establish that the specific information provided to various news media outlets qualifies as public records under state law.**

Marion County is a public body subject to Oregon public records laws. ORS 192.311(4) ("Public body" includes "every county and city governing body" and "any other public agency of this state").

Oregon law broadly defines "public records" to include "any writing that contains information relating to the conduct of the public's business, including but not limited to court records, mortgages, and deed records, prepared, owned, used or retained by a public body regardless of physical form or characteristics." ORS 192.311(5)(a).[1] Further, a "writing" is broadly defined as "handwriting, typewriting, printing, photographing and every means of recording, including letters, words, pictures, sounds, or symbols, or combination thereof, and all papers, maps, files, facsimiles or electronic recordings." ORS 192.311(7).

The specific information responsive to the federal subpoenas and provided to various news media outlines qualifies as public records due to being "writings" containing "information relating to the conduct of the public's business" that is "used or retained by a public body."

Because the subpoenas request documents "sufficient to show" various things, Marion County narrowly selected documents that would show what was requested without including

---

[1] There is a narrow exception that does not apply here. "Public records" do "not include any writing that does not relate to the conduct of the public's business and that is contained on a privately owned computer." ORS 192.311(5)(b).

potentially sensitive information like names of minors, crime victims, or those reporting crimes.

The first part of the federal subpoenas requested documents "sufficient to show" information like home address, phone number, driver's license number and state, employer name, employer address, etc.[2] The County's parole supervision maintains a record with this information for each individual on parole. Rather than provide all information in the record for each individual, which would have included a significant amount of information that had not been requested, the County excerpted the requested information.

The second part of the federal subpoenas requested documents "sufficient to show the underlying criminal charge to [the subject's] supervision." This is met by a copy of the State of Oregon Board of Parole and Post-Prison Supervision Order of Supervision Conditions for each individual showing the offenses for which the individual is serving parole. This document is included in files the County maintains about each person on parole.

Additionally, when documents are provided to the media by email, each email by which the information is provided (including attachments) would itself be a public record. Here the information requested by the federal subpoenas is attached to multiple emails to the media.[3]

---

[2] Each of the subpoenas to Marion County requests the same categories of information, namely:
   1. Documents sufficient to show the following:
      a. Home Address(es) during the period of supervision,
      b. Phone Number(s) during the period of supervision,
      c. Driver's License Number and State,
      d. Name of employer(s) during the period of supervision,
      e. Employment Address(es) during the period of supervision,
      f. Country of Birth, Place of Birth, Date of Birth
      g. Emergency Contact Number,
      h. Bail or bond records to include the obligor name and address

   2. Documents sufficient to show the underlying criminal charge relating to [the subject's], supervision, including but not limited to unredacted police reports, booking sheets, booking photos, probable cause statements, jail disciplinary records, or release agreements or release documents.

[3] Marion County would be happy to submit the specific responsive records to the Court for in camera review if that would be useful to the Court's review.

Page **3** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

**II.     If so, specify how the determination was made that it indeed qualifies.**

After the subpoenas were served on Marion County's office of legal counsel, several attorneys reviewed the subpoenas, discussed with the sheriff's office, and determined what responsive public records were available and what exceptions may necessitate redaction.

**III.    Identify the procedures in place for making such a determination.**

Marion County departments routinely process hundreds of requests for public records every year. Most requests do not need involvement of legal counsel. Records requests that are complex or may have legal ramifications, such as subpoenas or anything related to immigration enforcement, are sent to Marion County's office of legal counsel for review. Legal counsel coordinates with County departments to determine what responsive records are available and what public records exemptions or other legal restrictions may apply. If needed, legal counsel works with requestors to narrow requests and sometimes denies improper requests, files motions to quash subpoenas, or takes other appropriate legal action. No public records requested by the current federal administration related to immigration enforcement have been provided to-date.

**IV.    The Court understands there may be an exception under state law for providing responsive information to administrative subpoenas and it requests that Marion County show that the records at issue here fall under that exception.**

There are multiple possible readings of how Oregon law and federal law interact to require, prohibit, or allow Marion County to provide the responsive records specified above based on a federal subpoena. Marion County is one of 20 counties[4] who, along with 34 sheriffs, recognize legal uncertainty and welcome Court clarification. The complex constitutional issues

---

[4] *Supplemental Declaration of Steve Elzinga in Support of Marion County Defendants' Motion for Partial Summary Judgment* ("Elzinga Supp. Decl.") ¶ 3, Ex. 1.

Page **4** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

raised in Marion County's declaratory judgment action, however, need not be answered at present in this case.[5] This petition can be resolved entirely by applying state and federal statutes as interpreted by the binding reasoning of the Ninth Circuit.

### 1. The Ninth Circuit already decided that Oregon law allows local governments to disclose records for immigration purposes in some situations.

In *City & Cty. of S.F. v. Garland*, 42 F.4th 1078 (9th Cir. 2022), the Ninth Circuit partly upheld and partly vacated an earlier decision of this Court regarding the pre-2021 version of Oregon's Sanctuary law. As part of the analysis that led to vacating part of this Court's earlier opinion as moot, the Ninth Circuit considered the changes made by Oregon's 2021 Sanctuary Promise Act. *Id.* 42 F.4th at 1086, n.8. Specifically, the Ninth Circuit noted that:

> Oregon has amended ORS 180.805 since the Oregon Plaintiffs filed their amended complaint. See 2021 Or. Laws., ch. 550, § 8, (H.B. 3265), eff. July 19, 2021. *We consider the Oregon statute's current version to evaluate if a live controversy exists*.

*Id.* (emphasis added). Oregon's Sanctuary law has not changed since.

The Ninth Circuit then proceeded to recognize that:

> ORS 181A.820 explicitly *permits* state law enforcement agencies to 'exchange information with a federal immigration authority,' *see* ORS 181A.820(4), and has been interpreted by the Oregon Supreme Court accordingly.

*Id*, 42 F.4th at 1085-86 (emphasis in original) (citing *Caruthers v. Kroger*, 347 Or. 411, 222 P.3d 706, 707-08 (Or. 2009)).

The Ninth Circuit also held that ORS 180.805 "does not conflict with" 8 USCS § 1373, recognizing that "[a]lthough ORS 180.805(4) prohibits disclosing immigration-status

---

[5]For example, there is no need in the present case to address the federal government's likely assertion that federal immigration laws preemption state laws, the state government's likely assertion that state laws are protected under the Tenth Amendment's anti-commandeering principles, and the federal government's likely assertion that Oregon's Sanctuary Promise Act cannot be applied to prohibit providing parole records due to the Supremacy Clause's principles of intergovernmental immunity and non-discrimination against the federal government.

information, that provision is subject to a savings clause requiring compliance with federal law." *Id.* 42 F.4th at 1086. This Court had earlier reached a similar conclusion in its partially vacated decision, recognizing that ORS 180.805 "expressly provides that its terms only apply insofar as they are consistent with the requirements of federal law." *Oregon v. Trump*, 406 F. Supp. 3d 940, 953 n.2 (D. Or. 2019) *vacated in part by City & Cty. of S.F.*, 42 F.4th 1078.

Since the fact that Oregon's Sanctuary Promise Act allowed for some information exchanges was a core part of how the case was decided—indeed a necessary prerequisite for the mootness conclusion the Ninth Circuit reached—the construction of Oregon's Sanctuary Promise Act in *City & Cty. of S.F.* is binding in this case.

2. **The Ninth Circuit's interpretation is consistent with a wholistic reading of Oregon's Sanctuary Promise Act under ORS 174.010's requirement to "give effect to all" provisions.**

On its face, Oregon's Sanctuary law, HB 3265 (2021), includes multiple potential internal conflicts between general catchall provisions and specific exceptions. For just such situations, Oregon law provides that statutes shall be constructed such that, "where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all." ORS 174.010. Here, the only way to give substantive effect to all provisions in Oregon's Sanctuary Promise Act, HB 3265 (2021), is to recognize that the general catchall provisions apply in all cases where a specific exception does not apply. This is consistent with—and required by—the Ninth Circuit's interpretation.

   a. **Oregon's Sanctuary Promise Act includes several general catchall provisions along with various narrow exceptions.**

The Sanctuary Promise Act says generally that "Public facilities, property, moneys, equipment, technology or personnel may not be used for the purpose of investigating, detecting,

Page **6** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

apprehending, arresting, detaining or holding individuals for immigration enforcement." ORS 181A.826(1); *see also* ORS 181A.820(2). However, the rest of this statute makes it clear that there must be exceptions.

For example, ORS 181A.826 goes on to say: "If a public body receives a communication or request from a federal agency that relates to immigration enforcement, *other than a judicial subpoena described in ORS 181A.823 (1)(c)(A)*, the public body shall decline the request and document the communication or request." ORS 181A.826(3)(a) (emphasis added).

This statute was adopted as part of a bill that specifically and explicitly maintained other exceptions set out in more detail below, which recognize other requirements of state or federal law. HB 3265 (2021).[6] If the general catchall provisions were misinterpreted to override those exceptions, then that would render the exception language meaningless, which ORS 174.010 does not allow. Further, under the Ninth Circuits' reasoning (and the reasoning of the Oregon Supreme Court case that it cites), the general catchall provisions must yield to the specific exceptions in the narrow areas where those exceptions apply. Multiple exceptions apply here.

  b. **The responsive records fall under twin ORS 181A.823(1)(c) exceptions in Oregon's Sanctuary Promise Act.**

    i. **The responsive records fall under the ORS 181A.823(1)(c)(A) exception if the Court orders release.**

"A law enforcement agency or public body may not: . . . (c) Provide information about an *individual in the custody of the public body* or law enforcement agency to a federal immigration authority for the purpose of civil immigration enforcement, *except*: (A) As may be required by a

---

[6] HB 3265 (2021) was enacted as Oregon Laws 2021, Chapter 550 and is available at https://www.oregonlegislature.gov/bills_laws/lawsstatutes/2021orlaw0550.pdf; *see also* Elzinga Supp. Decl. ¶ 4, Ex. 2.

Page **7** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

judicial subpoena issued as part of a court proceeding or by *another compulsory court-issued legal process*." ORS 181A.823(1)(c)(B) (emphasis added). Half of this exception is repeated and incorporated by ORS 181A.826(3)(a) allowing response to "a judicial subpoena described in ORS 181A.823 (1)(c)(A)."

If this Court issues an order to provide the records, then that would obviously be a "compulsory court-issued legal process" under ORS 181A.823(1)(c)(B).

The other question is whether the records relate to individuals in county "custody." Here, the responsive records relate to individuals on parole, not in jail. The other county defendants all recognize that these provisions apply—therefore assuming without analyzing that the individuals on parole are in their "custody" for purposes of this exception. Multnomah County Response, ECF 12, pp. 2-3; Clackamas County Response, ECF 14, p. 2; Washington County Response, ECF 15, pp. 4-5. Even if not incarcerated, a person on parole is in legal custody for some purposes. *See Greenwood v. Gladden*, 231 Or. 396, 398, 373 P.2d 417, 418 (1962) (recognizing that "for certain purposes a person on parole continues to be under the custody of the Warden" although parole is not "in all respects tantamount to incarceration"); *Ex parte Anderson*, 191 Or. 409, 416-17, 229 P.2d 633, 636 (1951) (similar). The most logical reading of this exception is that it applies here, as all county defendants agree.

Due to the fact that this exception only applies in custody situations, it has limited application, such as to records about individuals on parole or in jail.

Also, the presence and applicability of this exception in Oregon's Sanctuary law provides further support for interpretation of the statute as a whole.

///

> ii. **The responsive records fall under the ORS 181A.823(1)(c)(B) exception because they can be provided on the same terms as available to the general public.**

The prior exception has a twin: "A law enforcement agency or public body may not: . . . (c) Provide information about an *individual in the custody of the public body* or law enforcement agency to a federal immigration authority for the purpose of civil immigration enforcement, *except*: . . . (B) To the extent that the information is available to the general public and *under the same terms and conditions as the information is available to the general public*." ORS 181A.823(1)(c)(B) (emphasis added).

If individuals on parole are in county legal custody for the purpose of this statute such that the court could order providing records to the federal government under ORS 181A.823(1)(c)(A) and ORS 181A.826(3)(a), no Court order is actually needed to provide the records as they can be provided "under the same terms and conditions as the information is available to the general public," i.e. similar to the process in Oregon's public records laws.

Marion County has already provided the responsive records to three members of the general public (who happen to be reporters) under public records laws. The same records could easily be provided to the federal government in similar manner.

As explained above, public records are construed broadly. And, under Oregon law, "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.338, 192.345 and 192.355." ORS 192.314(a).

While the Oregon Attorney General asserts that a "person" entitled to obtain public records does not include a public body,[7] Marion County is not aware of a binding court decision

---

[7] *See Oregon Attorney General's Public Records and Meetings Manual* (2024) p. 1, available at

agreeing. There are three reasons the exception in ORS 181A.823(1)(c)(B) applies regardless of the position of the Oregon Attorney General.

First, this exception's wording makes clear that it applies regardless of how public records law defines a "person." ORS 181A.823(1)(c)(B) governs providing information to "a federal immigration authority" "under the same terms and conditions as the information is available to the general public." Even if it was assumed that Oregon public records laws only allow providing records to persons who are not public bodies, those same public records laws still govern the "terms and conditions" for providing records "available to the general public." By the express language of ORS 181A.823(1)(c)(B), records must be similarly provided to "a federal immigration authority" regardless of whether that "authority" is a "person" under public records laws.

Second, the Oregon Attorney General's position appears to be wrong. The definition of a "person" for public records laws "*includes* any natural person, corporation, partnership, firm, association or member or committee of the Legislative Assembly." ORS 192.311(3) (emphasis added). Using the word "includes" normally signifies a nonexclusive list. *See Sather v. SAIF Corp. (In re Sather)*, 357 Or. 122, 133, 347 P.3d 326, 332 (2015) ("When they precede a list of examples, statutory terms such as 'includes' and 'including but not limited to' typically convey an intent that the accompanying examples be read in a nonexclusive sense."). Use of the word "includes" also contrasts with the narrower definition of "person" elsewhere in ORS Chapter 192. *See* ORS 192.551(2) ("'person' means a natural individual."). As courts have found in other

---

https://www.doj.state.or.us/oregon-department-of-justice/public-records/attorney-generals-public-records-and-meetings-manual/

Page **10** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

contexts, "the word 'person' more plausibly encompasses its ordinary meaning: 'a human being, a body of persons, or a corporation, partnership, or other legal entity that is recognized by law as the subject of rights and duties.'" *Sather v. SAIF Corp. (In re Sather)*, 357 Or. 122, 134, 347 P.3d 326, 332 (2015) (quoting *Webster's Third New Int'l Dictionary* 1686 (unabridged ed 2002)). Any other interpretation appears inconsistent with how Oregon courts normally interpret statutory terms like "person." *See, e.g., City of Keizer v. Lake Labish Water Control Dist.*, 185 Or. App. 425, 440, 60 P.3d 557, 565 (2002) (interpreting "person" to include a municipal corporation).

Third, it does not seem to matter if a public body is a "person" under public records laws for these specific subpoenas since they are from *both* the federal government and a "person." The subpoenas were signed by an individual and are not listed as only coming from a public body. There is nothing in ORS Chapter 192 that indicates that an individual ceases to be a "person" while performing a job for a public body, nor that a request from a "person" is somehow invalid if the request is jointly made with a public body.

As with its twin, since this exception only applies in custody situations, it has limited application, such as to records about individuals on parole or in jail.

Also, the presence and applicability of this exception in Oregon's Sanctuary law provides further support for interpretation of the statute as a whole.

### c. Under the Ninth Circuit's reasoning, the responsive records fall under the ORS 181A.820(4) savings clause in Oregon's Sanctuary Law.

A "law enforcement agency *may* exchange information with a federal immigration authority in order to request criminal investigation information with reference to persons named in records of the federal immigration authority." ORS 181A.820(4) (emphasis added). This exception is notably optional at the discretion of the county.

Page **11** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT

At first glance, it might seem ambiguous whether the information exchange in ORS 181A.820(4) can go both ways between counties and the federal government. The Ninth Circuit recognized that this does allow counties to share information with the federal government in holding that "ORS 181A.820 explicitly *permits* state law enforcement agencies to 'exchange information with a federal immigration authority." *City & Cty. of S.F.*, 42 F.4th at 1085 (emphasis in original) (citing *Caruthers*, 347 Or. 411).

Similar to prior exceptions, this exception only applies in "criminal" situations, such as someone in jail, on parole, or under investigation. There is no other limiting principle in the statutory language nor the Ninth Circuit's interpretation that limits this exception from applying to the requested records here. Marion County would prefer to provide the exact same records of convicted criminals on parole that were already provided to three media outlets.

### d. Most of the responsive records appear to fall under the ORS 180.805(2) savings clause in Oregon's Sanctuary Law as "required by state or federal law."

The savings clause in ORS 180.805(2) is "Except as required by state or federal law . . ."[8] Based on its full wording, it covers most of the information sought by the subpoenas here, but not all.[9] Both federal and state law requirements appear to trigger this savings clause.

---

[8] Notably, the Ninth Circuit recognized that all of ORS 180.805 does not conflict with 8 USCS § 1373 due to a savings clause. *City & Cty. of S.F.*, 42 F.4th 1078. The Ninth Circuit then specifically addressed how ORS 180.805(4) has "a savings clause requiring compliance with federal law." *Id.* 42 F.4th at 1086. That savings clause reads "the public body shall decline to disclose the information unless disclosure is required by: (A) State or federal law." ORS 180.805(4). That wording is substantively indistinguishable from savings clause in ORS 180.805(2): "Except as required by state or federal law . . ."

[9] This exception does not appear to cover "Driver's License Number and State;" "Country of Birth, Place of Birth, Date of Birth;" nor "Documents sufficient to show the underlying criminal charge relating to [the subject's], supervision." This is because ORS 180.805(2) covers:
    (a) The person's address;
    (b) The person's workplace or hours of work;
    (c) The person's school or school hours;
    (d) The person's contact information, including telephone number, electronic mail address or social media

### i. Disclosure of requested records appears to be required by federal laws on immigration subpoenas.

Federal law provides subpoena authority under 8 U.S.C. § 1225(d)(4)(A) for "any immigration officer" to "require by subpoena . . . the production of books, papers, and documents . . . concerning any matter which is material and relevant to [immigration] enforcement." This applies to both private and public entities, so it is not void under the persuasive reasoning of the now-vacated portion of this Court's earlier decision. *Oregon v. Trump*, 406 F. Supp. 3d at 972, *vacated in part by City & Cty. of S.F.*, 42 F.4th 1078.

Federal subpoena authority is still constrained by general reasonableness principles. *See, e.g., Petition,* ¶ 45 (copied in footnote below).[10] Without limiting the right to potentially object to any potential future subpoenas that are unreasonable in scope or nature, Marion County does not object to providing the specific records requested in these federal subpoenas as interpreted above and as narrowly specified in the proposed stipulated order. It cannot be unreasonable to provide the same records to the federal government as have already been provided to multiple reporters.

### ii. Disclosure of requested records appears to be required by state law: Oregon's public records law.

As explained above, the responsive records are all public records. Even if a document is a

---

account information;
(e) The identity of known associates or relatives of the person;
(f) The date, time or location of the person's hearings, proceedings or appointments with the public body that are not matters of public record; or
(g) Information described in paragraphs (a) through (f) of this subsection with respect to known relatives or associates of the person.

[10] *Petition,* ¶ 45 says:
The Supreme Court has held that an administrative subpoena "is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite, and the information sought is reasonably relevant." *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950); *accord McLane v. EEOC*, 581 U.S. 72, 77 (2017) (holding that if the information sought by an administrative subpoena is relevant to the agency's inquiry, "the district court should enforce the subpoena" unless the subpoena "is 'too indefinite,' has been issued for an 'illegitimate purpose,' or is unduly burdensome"); (quoting *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72, n. 26 (1984)).

Page **13** of **15**
MARION COUNTY DEFENDANTS' SUPPLEMENTAL BRIEFING IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
Marion County Legal Counsel
555 Court Street NE · P.O. Box 14500 · Salem, OR 97309
Telephone: 503-588-5220

public record subject to a public records request, Oregon's public records law includes various exemptions where records can or must be withheld. Since the ORS 180.805(2) exemption applies when "required by" state law, if a public record either can or must be withheld, then it would not appear to fall under the ORS 180.805(2) exception.

Under public records laws, "disclosure is the rule" and "[e]xemptions from disclosure are to be narrowly construed." *Guard Pub. Co. v. Lane Cty. Sch. Dist. No. 4J*, 310 Or. 32, 37, 791 P.2d 854, 857 (1990). This "narrow construction" rule "means that, if there is a plausible construction of a statute favoring disclosure of public records, that is the construction that prevails." *Colby v. Gunson*, 224 Or. App. 666, 676, 199 P.3d 350, 355 (2008).

Marion County carefully compiled the limited records already provided to the media to avoid exemptions. For example, under ORS 192.377, a public body may not disclose residential addresses nor telephone numbers when they are "submitted to the public body in confidence and [are] not otherwise required by law to be submitted." This exemption would prevent disclosure of the address or telephone number of most people. For example, a person who reports being a crime victim has no legal requirement to make sure a report. However, there is a legal requirement to submit a home address when an individual is on parole or probation, so the ORS 192.377 exemption does not apply to the records requested here.

Under ORS 192.355(9) public records are exempt when their disclosure "is prohibited or restricted or otherwise made confidential or privileged under Oregon Law." *Colby* specifically applied the rule of narrow construction to the ORS 192.355(9) exception. 224 Or. App. at 676. It follows that, since Oregon's Sanctuary Promise Act does not make information about individuals on parole confidential from the general public, this exemption does not appear applicable here

and this is an applicable exception under Oregon's Sanctuary Promise Act.

> e. **Since exceptions were included together with the catchall provisions in Oregon's Sanctuary Promise Act, the exceptions must have a purpose, and the catchall provisions must apply in all situations where the narrow exceptions are not specifically applicable.**

There does not appear to be any way to give effect to all the language in the Oregon Sanctuary Promise Act (HB 3265 in 2021) if every clause is interpreted broadly, which would create multiple internal contradictions. However, wholistically reading every provision in context of the entire bill, as required by ORS 174.010 and the Ninth Circuit's reasoning, means that a county can provide records of criminals in response to a federal subpoena in narrow circumstances similar to how such public records can be provided to any person who asks under Oregon's public records laws.

## CONCLUSION

Marion County asks the Court to grant its motion and sign the proposed stipulated order. Even better, all sheriffs and local governments would benefit if the Court were to provide a comprehensive opinion applying the Ninth Circuit's reasoning to explain the various legal requirements and eliminate the present legal uncertainty related to federal immigration subpoenas for records of individuals on parole who have been convicted of violent crimes.

Dated this 3rd day of November, 2025

Respectfully submitted,
MARION COUNTY LEGAL COUNSEL

/s/ Steve Elzinga

Steve Elzinga, OSB #123102
Marion County County Counsel
Attorney for Marion County Defendants