DAN RAYFIELD
Attorney General
THOMAS H. CASTELLI  #226448
Senior Assistant Attorney General
ANURADHA SAWKAR #181564
CARTER BRACE #243828
Assistant Attorneys General
Department of Justice
100 SW Market Street
Portland, OR 97201
Telephone: (971) 673-1880
Fax: (971) 673-5000
Email:  thomas.castelli@doj.oregon.gov
         anu.sawkar@doj.oregon.gov
         carter.brace@doj.oregon.gov

Attorneys for the State of Oregon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Petitioner,<br><br>     v.<br><br>MULTNOMAH COUNTY DEPARTMENT OF COMMUNITY JUSTICE; DENISE PEÑA, Director, Multnomah County Department of Community Justice; CLACKAMAS COUNTY SHERIFF ANGELA BRANDENBURG; CLACKAMAS COUNTY SHERIFF'S OFFICE PAROLE & PROBATION DIVISION; SHERIFF NICHOLAS HUNTER, Marion County Sheriff's Office Community Corrections Division; MARION COUNTY SHERIFF'S OFFICE, COMMUNITY CORRECTIONS DIVISION; NATHAN GAOIRAN, Director, Washington County Community Corrections Probation and Parole; WASHINGTON COUNTY COMMUNITY CORRECTIONS PROBATION AND PAROLE<br><br>        Respondents. | Case No.  3:25-cv-01784-MC<br><br>AMICUS BRIEF IN OPPOSITION TO RESPONDENT MARION COUNTY SHERIFF'S OFFICE MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>By the State of Oregon |

Page 1 -   AMICUS BRIEF IN OPPOSITION TO RESPONDENT MARION COUNTY SHERIFF'S
           OFFICE'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## I.     INTRODUCTION

Marion County asks the Court to go well beyond what is necessary to resolve the United States' Petition to Enforce. That petition focuses solely on whether this Court should enforce certain administrative subpoenas under *federal* law. ECF 1 at 20 (requesting relief pursuant to 8 U.S.C. § 1225(d)(4)(b)). And yet, in its Motion for Partial Summary Judgment—and in Supplemental Briefing—Marion County asks this Court to wade into ancillary *state* law issues *not* presented in the petition—specifically, the interplay between Oregon's public records laws and state sanctuary laws. ECF 18 at 4-15. Because application of federal law is dispositive in this enforcement action, the Court should decline Marion County's request for an order premised on state laws that are best interpreted by Oregon state courts in the first instance.

## II.     BACKGROUND

On August 1, 2025, Marion County received administrative subpoenas issued by Immigration and Customs Enforcement (ICE). ECF 1, ¶¶ 19-21; ECF 21. Marion County filed suit in this Court against Tina Kotek, in her official capacity as the Governor of the State of Oregon ("the State"), and the United States, seeking a declaration as to whether "Oregon law requires, prohibits, or allows Marion County to provide responsive records requested by the federal subpoenas." *See* ECF 1 at ¶ 103 in *Marion County v. Kotek*, 6:25-cv-01464-MC (D. Or. August 18, 2025) (hereinafter "*Marion County v. Kotek*"). The State moved to dismiss Marion County's declaratory relief action on jurisdictional grounds on October 20, 2025. ECF 12 in *Marion County v. Kotek*. Two days later this Court granted the United States' motion to stay the matter because of the 2025 government shutdown. ECF 15 in *Marion County v. Kotek.*

On October 1, 2025, the U.S. Attorney filed this Petition to Enforce, seeking an order from this Court requiring Marion County to respond to the administrative subpoenas. *See* ECF 1. Marion County filed a motion for partial summary judgment and a proposed stipulated order in response to the United States' Petition to Enforce. ECF 11, 11-2. On November 3, 2024, Marion County filed supplemental briefing, at the Court's request, with extensive arguments related to

state law, which mirror those raised in the declaratory judgement action. Marion County did not file a notice of related case under Local Rule 42-2 in either case. *See* LR 42-2 ("It is the responsibility of counsel to identify complex or related cases and to bring the matter promptly to the attention of the Court.").

Marion County asks that the Court issue a "comprehensive opinion" on these state law issues. ECF 18 at 5-15. Ultimately, Marion County requests that the Court find that the documents sought by the administrative subpoenas qualify as "responsive public records" under Oregon's public records laws, based solely on the county's legal interpretations of state law. ECF 11-2. It requests the Court to enter an order directing Marion County to provide this information to the United States as "responsive public records." *Id*.

### III.    ARGUMENT

**A.    The Court should decline to consider state law issues not raised in the Petition to Enforce.**

In its enforcement petition, the *only* relief requested by the United States is "an order pursuant to 8 U.S.C. § 1225(d)(4)(b) requiring Respondents to comply with the administrative subpoenas at issue" in this case. ECF 1 at 20. In an enforcement proceeding under that law, the Court considers "(1) whether Congress has granted the authority to investigate; (2) whether procedural requirements have been followed; and (3) whether the evidence is relevant and material to the investigation." *E.E.O.C. v. Children's Hosp. Med. Ctr. of N. California*, 719 F.2d 1426, 1428 (9th Cir. 1983) *overruled on other grounds as recognized in Prudential Ins. Co. of Am. v. Lai,* 42 F.3d 1299, 1303 (9th Cir. 1994). "If the agency establishes these factors, 'the subpoena should be enforced unless the party being investigated proves the inquiry is unreasonable because it is overbroad or unduly burdensome.'" *N.L.R.B. v. N. Bay Plumbing, Inc.*, 102 F.3d 1005, 1007 (9th Cir. 1996) (quoting *Children's Hosp. Med. Ctr. of N. California*, 719 F.2d at 1428). Thus, this case turns solely on whether the United States has established the three factors required to enforce the administrative subpoenas, and the inquiry should end there. To be clear, the State takes no position on that question.

And yet, Marion County asks this Court to wade into the interplay between Oregon public records laws and state sanctuary laws—even though those issues are not presented by the petition and there are not adverse parties appearing before the Court on those state law issues. *See* ECF 11 at 2-3; ECF 18 at 4-15. The Court need not determine whether those documents are public records under state law or whether Oregon public records and sanctuary laws would allow disclosure of those documents as public records to decide whether the administrative subpoenas are enforceable under 8 U.S.C. § 1225(d)(4)(b)—the specific relief requested in the petition in this case.

Moreover, the state law issues raised for the first time in this enforcement action by Marion County's motion are best adjudicated in Oregon state court in a case where they are squarely presented, not in this routine federal subpoena enforcement action in federal court. In urging the Court to decline to reach unnecessary state law issues in this action, the State's position here is consistent with its position in the declaratory judgment action. In the declaratory judgment action, the State argues that the Court should decline to exercise supplemental judgment over Marion County's request for declaratory relief regarding the meaning of Oregon's public records laws. *See* ECF 12 at 19–21 in *Marion County v. Kotek*. Here, the federal government has made the choice to seek these documents pursuant to their authority under federal law. It has never purported to seek the documents pursuant to state law. It would thus be curious for this ordinary federal subpoena enforcement action to become a free-ranging inquiry into the operation of Oregon's public records laws, which the petition does not invoke, and which is not necessary to the resolution of the single federal law question that the petition does invoke.

**B.    Marion County filed suit against the State and the federal government raising these same state law issues.**

Marion County raises the same state law issues regarding Oregon public records and sanctuary laws in its declaratory judgment lawsuit against the State. *See* ECF 1 in *Marion County v. Kotek*. In that case, the State filed a Motion to Dismiss raising important jurisdictional

questions, which the Court should consider before determining whether it should interpret state law. *See* ECF 12 in *Marion County v. Kotek*. By seeking a ruling on those issues in the Petition to Enforce proceeding, Marion County is attempting to avoid those jurisdictional issues. In addition, Marion County's arguments regarding its interpretation of state law, which is incorrect and incomplete, would go unopposed by the State in this action. And any decision by the Court in this case interpreting Oregon's public records or sanctuary laws could have ramifications on the related declaratory action.

       The *Marion County v. Kotek* case is the better forum for determining whether the Court should consider the state law issues. In that case, the Court can determine whether it has jurisdiction to rule on issues of state statutory interpretation or if that task would be better left to the Oregon state courts. Both Oregon and the United States are parties to that lawsuit and may more fully and fairly respond to the arguments made by Marion County, should the Court find it has jurisdiction.

## IV.    CONCLUSION

The Court should limit its adjudication of this enforcement action to the relief requested in the petition—i.e., the federal law factors germane to subpoena enforcement under 8 U.S.C. § 1225(d)(4)(b). The Court should refrain from making unnecessary determinations pursuant to state law. If the Court determines that it is appropriate to consider matters of state statutory interpretation in this enforcement action, the State asks that it be allowed to provide further amicus briefing responding to the arguments made by Marion County in its supplemental brief.

DATED November 17 , 2025.

        Respectfully submitted,

        DAN RAYFIELD
        Attorney General

        */s/ Thomas H. Castelli*
        THOMAS H. CASTELLI #226448
        Senior Assistant Attorney General
        ANURADHA SAWKAR #181564
        CARTER BRACE #243828
        Assistant Attorneys General
        Trial Attorneys
        Tel (971) 673-1880
        Fax (971) 673-5000
        thomas.castelli@doj.oregon.gov
        anu.sawkar@doj.oregon.gov
        carter.brace@doj.oregon.gov
        Of Attorneys for the State of Oregon

**CERTIFICATE OF SERVICE**

I certify that on November 17, 2025, I served the foregoing **AMICUS BRIEF IN OPPOSITION TO RESPONDENT MARION COUNTY SHERIFF'S OFFICE MOTION FOR PARTIAL SUMMARY JUDGMENT** upon the parties hereto by the method indicated below, and addressed to the following:

| | |
|---|---|
| Steve Elzinga<br>Sebastian Tapia<br>Marion County Legal Counsel<br>555 Court Street NE, Suite 5242<br>P.O. Box 14500<br>Salem, OR 97309<br>    *Of Attorneys for Plaintiff* | ___ HAND DELIVERY<br>___ MAIL DELIVERY<br>___ OVERNIGHT MAIL<br>_X_ SERVED BY E-FILING<br>_X_ SERVED BY EMAIL<br>    selzinga@co.marion.or.us;<br>    stapia@co.marion.or.us |

 

          *s/ Thomas H. Castelli*
THOMAS H. CASTELLI #226448
Senior Assistant Attorney General
ANURADHA SAWKAR #181564
CARTER BRACE #243828
Assistant Attorneys General
Trial Attorneys
Tel (971) 673-1880
Fax (971) 673-5000
thomas.castelli@doj.oregon.gov
Anu.Sawkar@doj.oregon.gov
carter.brace@doj.oregon.gov
Of Attorneys for Defendant Tina Kotek

Page 1 -   CERTIFICATE OF SERVICE
TC3/rn1/Marion County 1464 CERT CERTIFICATE OF SERVICE (USDC, Rep'd)
Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880 / Fax: (971) 673-5000